UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.  CASE NO. 8:03-CR-00437-EAK

GRINARD-HENRY, ET AL.
_____/

### ORDER ON DEFENDANT'S MOTIONS

THIS CAUSE is before this Court on Defendant's, Steve Bowie-Myles, Motion for Leave of this Court to Furnish a Copy of All Material Used in Defendant's Criminal Case (Doc. 166), Motion for Application to Proceed Without Payment of Fee and Affidavit Regarding Doc. 166 (Doc. 167), and Motion to Appoint Counsel (Doc. 168). The Defendant is to be released on December 29, 2013. This Court will address each of Defendant's motions in turn.

The Defendant requests that the United States furnish to him a copy of all materials that was used in his criminal case free of charge, including transcripts of both his guilty plea and the sentencing proceeding. The purpose of the Defendant's request is, self admittedly, to inspect his case and establish a defense that may reduce his current sentence.

Title 28 U.S.C. § 753(f) specifically allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Although the Defendant's request for documents--and not transcripts--is not expressly governed by § 753(f), the standard set forth in § 753(f) warrants denial of his request. See *Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at * 1(10th Cir. Apr.26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at * 1 (10th Cir. Oct.14, 1994) (applying the § 753(f) standard to a defendant's request for documents). The Defendant has no absolute right to compel the transcription, at taxpayer expense, of his criminal hearings at this time. *See, e.g., Jefferies v. Wainwright,* 794 F.2d 1516, 1518 (11th Cir.1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."). Defendant's motion fails for two reasons.

First, the Defendant's § 2255 motion has already been ruled upon and denied by this Court (Doc. 158). Second, the Defendant is simply attempting to search through the record in hopes of finding possible errors. *See Walker v. United States*, 424 F.2d 278, 279 (5th Cir.1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."); s*ee also, United States v. Caldwell*, 2008 WL 2858560 at *1 (S.D. Ala. July 21, 2008). Defendant's Motion for Leave of this Court to Furnish Copies of All Material Used in Defendant's Criminal Case (Doc. 166) is **DENIED**.

As this Court has denied Defendant's Motion for Leave to Furnish Copies of All Material Used in Defendant's Criminal Case (Doc. 166), Defendant's Motion to proceed without payment regarding Doc. 166 (Doc. 167) is moot. The Defendant's request to proceed with payment of fees and affidavits is **DENIED**.

Finally, Defendant requests appointment of counsel for the purposes of resentencing (Doc. 168). However, the Defendant has not been granted a resentencing hearing, and as such, his motion to appoint counsel is without merit. Furthermore, the Savings Statute, 1 U.S.C. § 109, provides that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. The Fair Sentencing Act does not so state, so it does not apply retroactively. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir.2010); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir.2010); *United States v. Bell*, 624 F.3d 803, 814–15 (7th Cir.2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir.2010) (per curiam); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir.2010). Defendant's Motion for Appointment of Counsel is **DENIED**. Accordingly, it is:

**ORDERED** that Defendant's, Steve Bowie-Myles, Motion for Leave of this Court to Furnish a Copy of All Material Used in Defendant's Criminal Case (Doc. 166), Defendant's Motion for Application to Proceed Without Payment of Fee and Affidavit Regarding Doc. 166 (Doc. 167) and Defendant's Motion to Appoint Counsel (Doc. 168) are **DENIED**.

CASE NO. 8:03-CR-00437-EAK

**DONE and ORDERED** in Chambers, in Tampa, Florida, this ___6___th day of June, 2011.

_____
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.